**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MATT PAINTER,

        Plaintiff,

    v.                                                Case No. C-1-05-262

CITY OF CINCINNATI,

        Defendant.

**ORDER**

    This matter is before the Court upon defendant's motion to dismiss the complaint (doc. 10), plaintiff's opposing memorandum (doc. 14), and defendant's reply (doc. 21).

**I. Allegations of the complaint**

    Plaintiff Matt Painter, a resident of Cincinnati, Ohio, brings this action against the City of Cincinnati, a municipal corporation. Plaintiff makes the following allegations in the complaint: At all relevant times, plaintiff was engaged in the business of providing bench-type outdoor advertising on publicly-owned property and public rights-of-way. He was also the owner of businesses that engage in this type of business pursuant to agreements with him. On or about February 23, 1996, the City enacted Ordinance Number 20-1996, which is currently codified as Cincinnati Municipal Code Section 723-20, "Advertising Benches in the Public Right-of-Way." (See Exh. A to the Complaint). Since approximately 2002 and continuing to the date of the complaint, plaintiff has submitted numerous applications for permits to install advertising benches in the public right-of-way pursuant to the ordinance. Most of his applications have been rejected or ignored by the City. Beginning on

or about June 2004 and to the present, the City has arbitrarily and unlawfully refused to take any action on plaintiff's applications for permits to install advertising benches.

Section 723-20 unlawfully grants to the City Manager and/or a person designated by the City Manager standardless discretion in the granting or denial of revocable minor street privileges for advertising benches under the ordinance. Pursuant to subsection (c) of the ordinance, no advertising bench in the public right-of-way may be placed if the location is served by an existing bus stop shelter, advertising bench, park bench installed pursuant to Section 723-19, or other public seating, unless the City Manager determines that additional seating is needed to serve the convenience of the public. The unconditional preference of existing bus stop shelters articulated and enforced by the City through the ordinance bears no reasonable relationship to any legitimate interest of the City. Further, the enforcement of Section 723-20 by the City unconstitutionally discriminates among different modes of commercial speech without a valid justification.

On or about June 12, 1996, the City passed Ordinance No. 187-1996, which granted special street privileges for the placement of benches and advertising thereon to Bench Billboard Co., Inc. ("Bench Billboard"), a company similarly engaged in bench-type billboard advertising. (See Exh. B to the Complaint). Since the enactment of the ordinance and until the filing of the complaint, the City has unlawfully discriminated against plaintiff and in favor of Bench Billboard in issuance of permits to install advertising benches. The City has permitted and continues to permit Bench Billboard two benches at a site, unless a park bench, advertising bench, or a bus shelter was previously at the site, in which case the City has granted permits to Bench Billboard for one bench at the site, and the City has allowed Bench Billboard to install a bench at a bus shelter if plaintiff already had an advertising bench there. The City has not allowed plaintiff the benefits of Ordinance

No. 187-1996 but has instead applied the more restrictive provisions of Ordinance No. 723-20 against him by permitting him only one bench at a site and no bench when a park bench, advertising bench, or bus shelter was already at the site. In addition, the City has severely restricted plaintiff in the number and type of zoning districts for which plaintiff may apply while not so restricting Bench Billboard. Bench Billboard has been issued numerous permits for advertising benches as a result of the preferential treatment it has been afforded whereas plaintiff has been arbitrarily and unlawfully denied permits, with no rational basis for the difference in treatment.

The City has officially ratified, sanctioned, and actively participated in the conduct designed to deprive plaintiff of his constitutionally protected rights as alleged in the complaint, and the deprivations have been caused by actions taken pursuant to official policies and customs of the City.

Based on these allegations, plaintiff brings a claim under 42 U.S.C. § 1983 for violation of his substantive due process rights, claiming that he has been deprived of a substantial property interest without due process of law (First Cause of Action); a § 1983 claim for violation of his substantive due process rights, claiming that the City's conduct shocks the conscience (Second Cause of Action); a § 1983 claim for denial of his equal protection rights (Third Cause of Action); a § 1983 claim that the City's actions constitute a prior restraint on plaintiff's speech, discriminate against plaintiff based on his identity as an advertiser, and completely ban a medium of expression which should have been open to plaintiff (Fourth Cause of Action); and the City's conduct violates the Ohio Constitution, including Article I, §§ 1 and 11. Plaintiff seeks a determination that the City's conduct is unlawful; compensatory damages; an award of costs, interest, and attorney fees; and any and all other relief as the Court deems just and proper.

## II. Motion to dismiss

Defendant moves to dismiss the complaint on the ground that the Court lacks jurisdiction over plaintiff's claims. Defendant argues it has submitted public records that allegedly show plaintiff has failed to submit proof of insurance as required by Cincinnati Municipal Code § 723-20(h) and that plaintiff was denied permits on the ground that the desired locations were not zoned for advertising benches, so that plaintiff lacks standing to challenge the City's failure to approve his applications. Defendant also argues that plaintiff cannot pursue a claim under the substantive due process clause because other constitutional provisions govern his claims and he has failed to allege violations of his rights under the other constitutional provisions cited in the complaint.

In response, plaintiff contends that the City makes disputed factual arguments and submits documents that are not part of the pleadings and which raise issues of fact, so that they are not properly considered in ruling on a motion to dismiss under the public records exception. Plaintiff argues that he has stated claims for violations of his federal constitutional rights and claims under the coextensive provisions of the Ohio Constitution.

## III. Standard of review

In order to prevail on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the movant must demonstrate that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept the allegations of the complaint as true and resolve all doubts in the plaintiff's favor. **Craighead v. E.F. Hutton & Co.**, 899 F.2d 485, 489 (6th Cir. 1990); **LRL Properties v. Portage Metro Housing Authority,** 55 F.3d 1097, 1104 (6th Cir. 1995)(quoting

4

*Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir. 1984)("[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.")

> Rule 12(b) provides, in pertinent part, as follows:
>
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The court may, however, examine public documents without converting the motion to dismiss into one for summary judgment. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)

### IV. Opinion

**A. Matters outside the pleadings**

Defendant has submitted several matters outside the complaint in support of its motion to dismiss. Defendant characterizes the materials as matters of public record of which the Court may take judicial notice and which it may consider without converting the motion to dismiss into a motion for summary judgment. The Court disagrees and finds that the materials are not properly characterized as public records that can be considered on a motion to dismiss. To the contrary, the documents are letters to plaintiff that raise issues of fact which cannot be resolved unless plaintiff is given the opportunity to present materials pursuant to Rule 56. The Court will not convert the motion to dismiss to one for summary judgment but instead will disregard the documents when ruling on the motion to dismiss.

**B. Subject matter jurisdiction/moot claims**

Under Article III of the Constitution, standing is a threshold inquiry in every federal case. ***MX Group, Inc. v. City of Covington,*** 293 F.3d 326, 332 (6th Cir. 2002) (quoting ***Warth v. Seldin,*** 422 U.S. 490, 498 (1975)).  Standing involves an inquiry into whether "plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on his behalf." ***Id.***

Defendant's standing arguments go to the merits of plaintiff's claims and not to whether he has standing to bring those claims.  Plaintiff obviously has a personal stake in the outcome of this controversy.  Dismissal of the complaint for lack of standing is not warranted.

Defendant asserts that plaintiff's challenge to Ordinance No. 187-1996 is moot because the ordinance has been repealed.  However, plaintiff seeks compensatory damages in addition to a determination that the City's conduct pursuant to the ordinance is unlawful.  The City has not addressed plaintiff's claim for damages.  Accordingly, the Court will not dismiss any claims as moot at this juncture.

**C.  Substantive due process claims**

Plaintiff argues that he has stated a substantive due process claim because he has shown  (1) a deprivation of a property interest by arbitrary or capricious legislative or administrative action, and (2) arbitrary use of official power by City officials that "shocks the conscience."  Plaintiff claims that as an applicant meeting all the eligibility criteria for permits for billboard benches, he has a property interest and a legitimate claim of entitlement to permits to install advertising benches under Cincinnati Municipal Code § 723-20.  He claims the City had a duty to issue permits in a fair and consistent manner and that by instead making decisions as to the issuance of these permits in an

arbitrary and discriminatory manner, the City has deprived him of a substantial property interest without due process of law.

Citizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions. ***Turner v. City of Englewood,*** 2006 WL 2329375 * 10 (6th Cir.) (unreported decision). When property interests are adversely affected by zoning regulations, courts have generally sustained the regulations if they are "rationally related to legitimate state concerns and [do] not deprive the owner of economically viable use of his property." ***Id.*** (citing ***Pearson v. Grand Blanc***, 961 F.2d 1211, 1223 (6th Cir. 1992)). When administrative zoning decisions as opposed to legislative measures are in issue, the review undertaken differs but the inquiry remains whether the state action had a rational basis. ***Id.*** at * 10, n. 9. In either case, in order to show a substantive due process violation, the plaintiff must "first establish the existence of a constitutionally-protected property or liberty interest." ***Silver v. Franklin Twp. Bd. of Zoning Appeals,*** 966 F.2d 1031, 1036 (6th Cir. 1992); ***see also Sperle v. MI Dept. of Corrections,*** 297 F.3d 483, 490 (6th Cir. 2002); ***Latimer v. Robinson,*** 2005 WL 1513103 (6th Cir.) (unreported decision).

The Court finds that plaintiff has failed to state a claim for a substantive due process violation. Plaintiff has not adequately alleged a property or liberty interest of which he has been deprived. Plaintiff has not cited any legal authority for the proposition that satisfying eligibility requirements for a permit under an ordinance where the standards for the granting of such permits are discretionary creates a property interest under state law. Moreover, assuming the "shocks the conscience" standard could ever appropriately be applied to a zoning decision, the standard is clearly not satisfied in this case. Construing the facts alleged by plaintiff as true and drawing all inferences in his favor, it is

apparent from the complaint that plaintiff cannot prove any set of facts to support a finding that the City's actions "shock the conscience." The motion to dismiss is well-taken as to this claim.

**D. Equal protection**

Defendant claims that the alleged classification challenged in this case does not affect any suspect class or any fundamental right. Defendant contends that Bench Billboard settled federal court litigation it had against the City in return for the temporary rights designated in the settlement agreement attached to the complaint and set forth in Ordinance No. 187, and that settlement establishes a conceivable basis for distinguishing between the two applicants.

Plaintiff alleges that the complaint states an equal protection claim. Plaintiff argues that he can pursue his equal protection claim as a "class of one" because he has pled that the City treated him differently than similarly-situated individuals with no rational basis for the difference in treatment.

The Equal Protection Clause prohibits discrimination by government that "either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." ***TriHealth, Inc. v. Board of Com'rs, Hamilton County, Ohio,*** 430 F.3d 783, 788 (6th Cir. 2005) (citing ***Radvansky v. City of Olmsted Falls,*** 395 F.3d 291, 312 (6th Cir. 2005)). Under the latter theory, known as the "class of one" theory, the plaintiff may demonstrate that government action lacks a rational basis either by negating every conceivable basis that might support the government action, or by showing that the challenged action was motivated by animus or ill-will. ***Id.*** (citing ***Warren v. City of Athens, Ohio***, 411 F.3d 697, 710-11 (6th Cir. 2005)).

It does not appear that plaintiff will be unable to prove any set of facts to support his claim that the City treated him differently than similarly-situated individuals with regard to the issuance of permits for bench advertising and that there is no rational basis for the difference in treatment. Accordingly, plaintiff's equal protection claim withstands the motion to dismiss.

**E. First Amendment rights**

Defendant contends that denial of plaintiff's bench advertising permits is lawful because its interest in denying the permits is substantial, the regulations in question advance that interest, and the regulations are no more extensive than necessary to serve that interest. Defendant also alleges that commercial speech may qualify as one of the exceptions to the First Amendment bar on prior restraints.

Plaintiff argues that he has alleged a First Amendment violation because the City's conduct acts as a prior restraint on his speech, discriminates against him according to his identity as an advertiser, and completely bans a medium of expression that should be open to him. Plaintiff alleges that even speech that does no more than propose a commercial transaction is protected by the First Amendment. Plaintiff alleges that these are issues that require resolution of factual matters which cannot be resolved on a motion to dismiss.

Plaintiff further alleges that Ordinance No. 723-70 is unconstitutional because it delegates to community councils and private citizens groups a veto power over any application submitted by plaintiff; it allows unlimited discretion in restricting advertising and is standardless; it imposes restrictions that effectively eliminate an entire medium of speech; and it differentiates between bus shelter advertising and bench advertising without a legitimate reason.

9

For commercial speech to come within the protection of the First Amendment, it must concern lawful activity and not be misleading. ***Central Hudson Gas & Elec. Corp. v. Public Service Comm. of NY,*** 447 U.S. 557, 566, 100 S.Ct. 2343, 2351 (1980); *see also **Metromedia, Inc. v. City of San Diego,*** 453 U.S. 490, 101 S.Ct. 2882 (1981). If these requirements are satisfied, the next question to be answered is whether the government interest asserted is substantial. ***Central Hudson,*** 447 U.S. at 566, 100 S.Ct. at 2351. If the answer to both these questions is yes, then the next inquiry is whether the regulation directly advances the government interest asserted and whether the regulation is not more extensive than necessary to serve that interest. ***Id.***

Defendant has presented only vague and generalized arguments regarding First Amendment law. It has not made a cogent argument demonstrating that plaintiff will be unable to prove any facts in support of his First Amendment claim. It does not appear from the face of the complaint that plaintiff will be unable to establish his First Amendment claim. Plaintiff may be able to prove that he has engaged or attempted to engage in commercial speech, that the City's interest in regulating that speech is not substantial, or if is substantial, that the regulation asserted does not advance that interest and the regulation is more extensive than necessary to serve that interest. Accordingly, the motion to dismiss is not well-taken as to plaintiff's First Amendment claim.

**F. Ohio Constitution**

The City argues that the Court should decline to exercise supplemental jurisdiction over the state law claims because plaintiff's rights under the Ohio Constitution are not greater than his corresponding federal rights and the complaint fails to state a federal claim upon which relief can be granted. Plaintiff alleges that he has stated claims for violations of his First Amendment and equal protection rights under the Ohio Constitution since his rights under those provisions are

coextensive with his rights under the United States Constitution. **See State v. Robinette**, 80 Ohio St.3d 234, 238, 685 N.E.2d 762, 766 (1997) (Ohio constitutional and federal constitutional provisions are coextensive when they are similar and no persuasive reason for a differing interpretation is presented); **Eastwood Mall, Inc. v. Slanco**, 68 Ohio St.3d 221, 222-23, 626 N.E.2d 59, 61 (1994) (First Amendment rights under Ohio Constitution are coextensive with those under the United States Constitution); **State v. Buckley**, 16 Ohio St.2d 128, 243 N.E.2d 66 (1968) (same analysis applied to equal protection claim brought under the Ohio Constitution and the United States Constitution). Because the Court has determined that plaintiff has stated claims for violations of his rights under the equal protection clause and the First Amendment to the United States Constitution, the Court will not dismiss his claims for violations of the corresponding provisions of the Ohio Constitution.

## V. Conclusion

Defendant's motion to dismiss is **GRANTED** as to plaintiff's substantive due process claims. These claims are **DISMISSED** with prejudice. The motion is **DENIED** with respect to plaintiff's remaining claims.

**IT IS SO ORDERED.**

                                           S/ Herman J. Weber
                                                HERMAN J. WEBER
                           SENIOR JUDGE, UNITED STATES DISTRICT COURT

M:\HJWA\05-262mtdcivrtsPUB.wpd