UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATT PAINTER,

        Plaintiff,

v.                                           Case No. C-1-05-262

CITY OF CINCINNATI,

        Defendant.

**ORDER**

This matter is before the Court upon defendant's motion for judgment on the pleadings (doc. 26), plaintiff's opposing memorandum (doc. 30), and defendant's reply (doc. 32).

**I. Background**

Plaintiff Matt Painter, a resident of Cincinnati, Ohio, brings this action against the City of Cincinnati. Plaintiff challenges the City's denial of applications for permits to install advertising benches in the public right-of-way pursuant to Cincinnati Municipal Code § 723-20 and the City's allegedly arbitrary and unlawful refusal to take any action on plaintiff's applications. Plaintiff also brings a facial challenge against § 723-20, claiming that the City unconstitutionally discriminates among different modes of commercial speech without a valid justification. In addition, plaintiff claims that the City has treated him less favorably than another company similarly engaged in bench-type billboard advertising.

Plaintiff originally brought claims under 42 U.S.C. § 1983 for violations of his substantive due process rights, his equal protection rights, and his First Amendment rights, as well as a claim that

the City's conduct violates the Ohio Constitution, including Article I, §§ 1 and 11. Defendant moved to dismiss the complaint on the ground that the Court lacks jurisdiction over plaintiff's claims. Defendant argued it had submitted public records allegedly showing that plaintiff failed to submit proof of insurance as required by § 723-20(h) and that plaintiff was denied permits on the ground that the desired locations were not zoned for advertising benches, so that plaintiff lacks standing to challenge the City's failure to approve his applications. Defendant also argued that plaintiff could not proceed on his equal protection claim because the alleged classification does not affect any suspect class or any fundamental right, and a settlement between the City and a third party establishes a conceivable basis for distinguishing between plaintiff and that party. Defendant also alleged that denial of plaintiff's bench advertising permits is lawful because the City's interest in denying the permits is substantial, the regulations in question advance that interest, and the regulations are no more extensive than necessary to serve that interest.

The Court initially found that several matters outside the complaint that defendant had submitted in support of its motion to dismiss were not properly characterized as matters of public record which the Court could consider without converting the motion to dismiss into a motion for summary judgment. The Court declined to convert the motion to dismiss to one for summary judgment and instead disregarded the documents when ruling on the motion to dismiss. The Court then addressed the standing arguments, found that the arguments went to the merits of plaintiff's claims and not to whether he has standing to bring those claims, determined that plaintiff has a personal stake in the outcome of this controversy, and held that dismissal of the complaint for lack of standing was not warranted. The Court dismissed the substantive due process claim, finding that plaintiff cannot prove any set of facts to support a finding that the City's actions "shock the

conscience." The Court determined that dismissal of plaintiff's equal protection claim is not warranted because it does not appear that plaintiff will be unable to prove any set of facts to support his claim under a "class of one" theory, i.e., it does not appear that he will be unable to prove the City treated him differently than similarly-situated individuals with regard to the issuance of permits for bench advertising and that there is no rational basis for the difference in treatment. The Court also declined to dismiss the First Amendment claim, finding that it does not appear from the face of the complaint that plaintiff will be unable to establish this claim since he may be able to prove that he has engaged or attempted to engage in commercial speech and that the City's interest in regulating that speech is not substantial, or if it is substantial, that the regulation asserted does not advance that interest and the regulation is more extensive than necessary to serve that interest. Finally, the Court declined to dismiss plaintiff's claims for violations of the Ohio Constitution.

## II. Motion for judgment on the pleadings

Although defendant captions its motion as one for judgment on the pleadings, the motion is in reality a motion for reconsideration of the Court's prior decision on the motion to dismiss. Defendant argues that the Court declined to consider whether plaintiff has alleged that it complied with all the conditions of § 723-20 for obtaining a permit, including the requirement to provide proof of liability insurance and to use benches with "reinforced concrete ends at least five inches thick." Defendant describes these conditions as "an injury-in-fact standing prerequisite." Defendant alleges that the Court should "reconsider and instead expeditiously determine whether the plaintiff has standing to proceed."

Defendant urges the Court to reconsider its ruling on the equal protection and First Amendment claims based on a decision issued by the District Court for the Western District of

Kentucky in a bench advertising case in which the court determined that "any reasonably conceivable state of facts" could provide a rational basis for denying the advertising permits to the plaintiff. *See Bench Billboard Co., Inc. v. Louisville-Jefferson County Metro-Gov't,* 2006 WL 1895507 (W.D. Ky. July 6, 2006). Defendant contends that there is a "reasonably conceivable state of facts" sufficient to defeat plaintiff's claim in this case so that the Court should "reconsider its prior ruling" on the equal protection claim. Defendant also seeks to distinguish the ordinance at issue here from the ordinance at issue in the Kentucky case, which the court found to be vague and overbroad, and argues that there is nothing about § 723-20 that violates the First Amendment. Defendant claims that an "evidentiary standing hearing" will demonstrate that the allegations in the complaint that the City has refused to issue any permits to plaintiff are false, the City's ordinance regulates structures and not speech, and the Court should reconsider its prior ruling and conclude that the complaint fails to state a First Amendment claim upon which relief can be granted.

### III. Opinion

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Defendant has not established any of these grounds for reconsideration in this case. Defendant has not demonstrated a manifest error of law in the Court's standing analysis and conclusion or in its decision not to dismiss the equal protection and First Amendment claims. Nor has defendant come forward with newly-discovered evidence or demonstrated a change in the law. *Bench Billboard* does not establish new law but instead applies the same rational basis standard that

this Court applied in ruling on the motion to dismiss. Moreover, defendant misrepresents to the Court that the ***Bench Billboard*** decision was issued after this Court decided the motion to dismiss when in fact the Kentucky court issued its decision over two months before this Court ruled on defendant's motion to dismiss on September 28, 2006. With respect to the First Amendment claim, defendant simply repeats the arguments it made in the motion to dismiss and fails to recognize that the Court must accept plaintiff's allegations concerning the City's issuance of permits as true for purposes of determining whether the complaint states a claim for relief. Accordingly, because defendant has not shown a valid reason for the Court to reconsider its prior ruling, defendant's motion for judgment on the pleadings (doc. 26) is **DENIED.**

    **IT IS SO ORDERED.**

                                              S/ Herman J. Weber
                                                     HERMAN J. WEBER
                                  SENIOR JUDGE, UNITED STATES DISTRICT COURT